IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JUSTIN SMITH | ) | CASE NO: |
| | ) | |
| Plaintiff, | ) | JUDGE: |
| | ) | |
| -vs- | ) | |
| | ) | (Trial by Jury Demanded) |
| BENDIX COMMERICIAL VEHICLE SYSTEMS, LLC | ) ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Now comes Plaintiff, Justin Smith, by and through counsel, and for his complaint against Bendix Commercial Vehicle Systems, LLC states as follows:

1. This court has subject matter jurisdiction under 28 U.S.C. 1332 (Diversity) because the only Plaintiff is a resident and citizen of Indiana and the only defendant is an LLC which is incorporated in Delaware with its principal place of business in Ohio and the sole member of the LLC is Knorr Brake Truck Systems Company which is incorporated in Delaware with its principal place of business in Ohio, and the amount in controversy exceeds $75,000.00, not including interest and costs.

2. On July 6, 2020, Brian Crago, an employee of Defendant Bendix, was operating a 2012 International Box Truck (the "Box Truck") on Riverfork Drive heading east towards the entrance to the Bendix facility located at 1850 Riverfork Drive Huntington, Indiana 46750.

3. The Box Truck being operated by Brian Crago on July 6, 2020, was owned by Defendant Bendix and was being operated in the course and scope of Crago's employment.

4. The gross vehicle weight rating for the Box Truck being operated by Brian Crago on July 6, 2020, exceeds 10,000 pounds.

5. At the same time, Plaintiff Justin Smith was operating his 2009 Yamaha motorcycle on Riverfork Drive heading west towards the entrance to the Bendix facility located at 1850 Riverfork Drive Huntington, Indiana 46750.

6. Plaintiff was operating his vehicle in a safe and reasonable manner.

7. Brian Crago and Plaintiff Justin Smith were both heading towards Riverfork Drive's intersection with the entrance to the Bendix facility located at 1850 Riverfork Drive Huntington, Indiana 46750 from opposite directions.

8. Suddenly, and without warning, Brian Crago attempted to turn left into the Bendix facility entrance and collided with Plaintiff.

9. Brian Crago did not signal a left hand turn nor did he activate his left turn signal at any time prior to attempting to turn left into the Bendix facility entrance.

10. At the time of the subject collision, it was clear and sunny.

11. At the time of the subject collision, nothing was obstructing Brian Crago's view of the roadway ahead of him and/or of Plaintiff and Plaintiff's motorcycle as Plaintiff Justin Smith approached from the opposite direction.

12. Plaintiff was in plain sight (to Brian Crago) in the moments prior to the subject collision. Brian Crago failed to maintain a safe and proper lookout for vehicle approaching his truck from the oncoming direction.

13. Brian Crago did <u>not</u> have right of way at the time of the subject collision.

14. Brian Crago was not operating the Box Truck in a reasonable and prudent manner at the time of the subject collision.

15. Brian Crago failed to yield while turning left at the time of the subject collision in violation of I.C. § 9-21-8-30.

16. Plaintiff had the right of way at the time of the subject collision.

17. Brian Crago failed to yield the right of way to Plaintiff at the time of the subject collision.

18. Brian Crago is solely responsible for causing the collision and the injuries Plaintiff suffered as a proximate result of the collision.

19. Plaintiff did not cause or contribute to the subject collision.

20. There was nothing Plaintiff could have or should have done to avoid or minimize the collision.

21. Brian Crago was cited for failure to yield while turning left pursuant to I.C. § 9-21-8-30 by the Huntington Police Department Officer Jones who investigated the subject collision.

22. As a result of the collision, Plaintiff suffered severe and permanent personal injuries.

23. The injuries have and will dramatically affect his quality of life.

24. At the time of the subject collision, Brian Crago was operating the Box Truck in intrastate commerce.

25. At the time of the subject collision, Brian Crago was operating the Box Truck in interstate commerce.

26. The Box Truck being operated by Brian Crago at the time of the subject collision was a commercial vehicle as defined under Indiana law.

27. The Box Truck being operated by Brian Crago at the time of the subject collision was a commercial vehicle as defined under federal law.

28. At all times material hereto, Defendant Bendix was a motor carrier authorized by the United States Department of Transportation and the Federal Motor Carrier Safety Administration to operate for profit in <u>interstate</u> commerce.

29. At all times material hereto, Defendant Bendix was an <u>interstate</u> motor carrier authorized to operate in the State of Indiana for profit pursuant to one or more permits issued by the Interstate Commerce Commission, or by the United States Department of Transportation, or both.

30. Plaintiff filed suit within the statute of limitations in Defendant's home county of Lorain, Ohio.

31. On Defendant's motion the case filed in Lorain, Ohio was dismissed on the basis of Forum Non Conveniens and a condition of the dismissal is that Defendant will accept service in this case and waive any potential statute of limitations defense.

32. At all times material hereto, Brian Crago was a professional driver operating with a Commercial Driver's License (CDL).

33. At all times material hereto, Brian Crago was driving a commercial motor vehicle in intrastate commerce.

34. At all times material hereto, Brian Crago was driving a commercial motor vehicle in interstate commerce.

35. Defendant Bendix and/or Bendix's officers, employees or agents were negligent in one or more of the following ways;

(a) Failing to yield while turning left;
(b) Failing to yield to Plaintiff;
(c) Failing to keep a lookout for other vehicles;
(d) Failing to perform a proper visual search;
(e) Failing to properly manage his space or stop;
(f) Causing a collision to occur with the vehicle being operated by Plaintiff;

(g) Failing to drive defensively;
(h) Failing to operate the commercial vehicle in a safe and prudent manner, thereby placing the lives and well-being of the public in general, and Plaintiff in particular, in grave danger;
(i) Failing to adhere to safe driving principles expected of commercial drivers;
(j) Failing to operate the commercial vehicle in accordance with generally accepted safety principles for commercial drivers and/or the commercial motor vehicle industry;
(k) Failing to operate the Box Truck in a safe and prudent manner in view of the conditions that existed at the time of the subject collision;
(l) Otherwise failing to act reasonably and prudently as a professional commercial driver should under the circumstances; and
(m) Failed to properly train and supervise the driver.

36. Additionally, Bendix employee, Brian Crago's, conduct violated Indiana law including but not limited to I.C. § 9-21-8-30 (failure to yield while turning left) which constitutes negligence *per se*.

37. Additionally, Bendix employee, Brian Crago's, conduct violated the Federal Motor Carrier Safety Regulations and each such violation constitutes negligence *per se*.

38. Under the direction and supervision of Defendant Bendix, Bendix employee, Brian Crago, was negligent and/or negligent *per se* in the ways described above and was otherwise negligent as shall be added by amendment or proven at trial.

39. As a direct and proximate result of the negligence of Defendant Bendix and through the negligence of its employee Brian Crago, Plaintiff suffered severe and permanent personal injuries.

40. Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

41. Defendant Bendix, directly and proximately caused the subject collision described above and the resulting injuries to the Plaintiff, including but not limited to, his personal injuries, pain and suffering, lost wages, and medical expenses. As a result of Defendant Bendix, Plaintiff suffered severe and permanent personal injuries and physical and mental pain and suffering

including but not limited to interference with his ability to function as a whole person, interference with his enjoyment of life, loss of his capacity to labor and earn money, impairment of his body's health, his actual pain and suffering, and his limitations and impairment of his daily activities. Plaintiff incurred past medical expenses and will likely incur medical expenses to treat the injuries he sustained in the subject collision which are permanent and are ongoing. Plaintiff incurred lost wages and benefits and will continue to incur lost wages and benefits in the future.

WHEREFORE, Plaintiff demands a trial by jury and judgment against Defendant Bendix in an amount exceeding Eight Million Dollars ($8,000,000.00); that Plaintiff also be awarded interest, attorney fees, and costs to be taxed in accordance with law; and such other and further measures of relief as the court may determine to be appropriate and just.

Respectfully submitted this 3rd day of October, 2022,

_____
David L. Farnbauch (#11187-45)
SWEENEY LAW FIRM
8019-B Lima Road
Fort Wayne, IN 46818
(260) 420-3137
Email: dlf@sweeneylawfirm.com